UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DAVID TINKHAM,                                     )
                                                                   )
        Petitioner,                               )
                                                                   )
v.                                                                )     No. 1:08-cv-00730-DFH-JMS
                                                                   )
SUPERINTENDENT, Plainfield         )
 Correctional Facility,                        )
                                                                   )
        Respondent.                           )

### Entry Discussing Petition for Writ of Habeas Corpus

In a proceeding identified as No. MCF 07-11-0019, David Tinkham ("Tinkham") was found guilty of violating a prison rule prohibiting inmates from the unauthorized possession or theft of state property or property belonging to another. Although he contends that the proceeding was tainted by constitutional error, the court concludes otherwise, and thus denies his petition for a writ of habeas corpus.

### Background

A conduct report was issued on November 3, 2007, reciting that Correctional Officer Loftis found Tinkham in possession of 55 sausage patties, 2 cups of powder sugar, ½ cup vanilla extract, and a large amount of margarine. Tinkham was given a copy of the charge and was notified of his procedural rights in connection with the proceeding.

A hearing was held on the charge on November 15, 2007. Tinkham was present and made a statement concerning the charge. The conduct board found Tinkham guilty of the infraction charged, and imposed the sanction of 90 days earned credit time deprivation. Although the conduct board recommended that the sanction be suspended, on November 16, 2007, the Facility Head ordered that the sanction be imposed.

Tinkham filed an administrative appeal to the Facility Head and to the Final Reviewing Authority. Both appeals were rejected. This action for a writ of habeas corpus followed.

### Discussion

Tinkham now seeks relief in this action pursuant to 28 U.S.C. § 2254(a). He is entitled to such relief only if he is "in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

Indiana prisoners have a protected liberty interest in good time credits, *see Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996), and thus they are entitled to the minimum requirements of due process when faced with the loss of good-time credits due to alleged misconduct. *See Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Piggie v. McBride,* 277 F.3d 922, 924 (7th Cir. 2002)(per curiam); *Montgomery v. Anderson,* 262 F.3d 641, 645 (7th Cir. 2001). In these circumstances, Tinkham was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985). This last factor is a lenient standard, requiring "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A habeas court does not weigh the evidence or independently assess witness credibility, but determines only whether the prison disciplinary board's decision to revoke good-time credits has some factual basis. *See Hill,* 472 U.S. at 455-56; *McPherson,* 188 F.3d at 786.

Using the protections recognized in *Wolff* as an analytical template, Tinkham received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence, including the conduct report, the photograph of the items seized, and Sergeant Macy's written statement, was sufficient. In addition, (1) Tinkham was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board and reviewing authority issued a sufficient statement of their findings, and (3) the conduct board and the reviewing authority issued a written reason for their decisions and for the sanction which was imposed.

Tinkham's claim is that it was error for his sanction to have been revised from a suspended sanction to an imposed sanction. "Because the factual basis of the [conduct] report gave [Tinkham] all the information he needed to defend against" the charge, the Facility Head's modification of the sanction did not deprive Tinkham of his due process rights. *Northern v. Hanks,* 326 F.3d 909, 911 (7th Cir. 2003)(citing *Holt v. Caspari,* 961 F.2d 1370, 1373 (8th Cir. 1992) (prison disciplinary committee did not deny petitioner due process by elevating charge from "possession of contraband" to "possession of dangerous contraband" because the factual basis for both charges was the same)).

Furthermore, Tinkham's claim supporting his petition for a writ of habeas corpus relief does not, in fact, support the relief he seeks. His claim is that authorities violated prison regulations and policies in the disciplinary proceeding he challenges here by "tampering with" the hearing report. The premise of this theme, wholly apart from the nuances presented here, has been soundly rejected. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Federal habeas corpus relief does not lie for errors of state law" because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The mere violation of a prison policy does not constitute even a cognizable claim under § 2254. *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,*

899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding or sanction involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Tinkham to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus must be **denied** and this action dismissed. Judgment consistent with this Entry shall now issue.

So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 1/9/2009